IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-029-TAV-DCP |
| | ) | |
| CHERYL D. BROUSSARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

In accordance with the Federal Rules of Criminal Procedure and the applicable provisions of the Bail Reform Act, 18 U.S.C. § 3148, Defendant Cheryl D. Broussard appeared before the undersigned on March 6, 2020 for a hearing on the Petition for Action on Conditions of Pretrial Release ("the Petition") [Doc. 30] that was issued on November 20, 2019—the second such Petition to be issued in this case. Assistant United States Attorney Frank M. Dale, Jr., appeared on behalf of the Government. Attorney Jorge L. Del Villar represented the Defendant, who was also present.

By way of background, the undersigned placed Defendant on conditional release pursuant to an Order Setting Conditions of Release entered on March 11, 2019, which included a special condition that Defendant "[r]efrain from any work as an investment advisor for financial matter, or otherwise engage in financial matters for clients. The defendant shall not open any additional lines of credit." [Doc. 10]. Approximately two months later, a Petition for Action on Conditions of Pretrial Release was issued on May 30, 2019, ("the First Petition") alleging that, among other things, Defendant was using websites to conduct and solicit clients seeking a financial advisor. [Doc. 21]. A hearing was held on the First Petition on June 16, 2019, and additional conditions

were added requiring Defendant to terminate and deactivate certain internet activity and permit United States Probation Office ("USPO") to access certain internet classes maintained by Defendant for review and monitoring purposes. [Doc. 24]. Subsequently, Defendant filed a plea agreement on July 16, 2019. [Doc. 25].

On November 20, 2019, the instant Petition was issued alleging violations of the conditions of Defendant's release, including failure to report a change of address, failure to report a pending eviction, failure to report pending legal actions taken against her, failure to report a new judgment, and general failure to respond to and maintain appropriate contact with her supervising officer. [Doc. 30]. At the March 6 hearing on the Petition, the Government moved to revoke Defendant's pretrial release, contending that she committed multiple violations of the conditions of her release. The Court therefore conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the Defendant violated the terms of her pretrial release and, if a violation has occurred, whether sanctions are appropriate.

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). After a hearing, the Court *shall* revoke the defendant's release and detain the defendant, if it finds probable cause to believe the defendant has committed another crime while on release[1] or clear and convincing evidence that the defendant has violated any other condition of release and the Court also finds "there is no condition or

---

[1] If the Court finds probable cause to believe that the defendant has committed a felony while on pretrial release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2).

During the hearing, the Defendant first stated on the record that she was not objecting to detention but did not admit to the allegations set forth in the Petition. Additionally, it was determined Defendant had been provided with a copy of the Petition and had the opportunity to review the Petition with her attorney. The Government called USPO Loretta Smith to testify regarding the factual allegations set forth in the Petition and related matters. Defendant testified on her own behalf, and both parties presented their respective arguments, which were fully considered by the Court.

Ultimately, based on the allegations of the Petition and the evidence proffered by counsel, as well as Defendant's non-objection to detention, the Court finds by clear and convincing evidence that Defendant has violated conditions of her release as described in the Petition and that there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community or that Defendant is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(1) & (2). Accordingly, the Defendant's Order Setting Conditions of Release [**Doc. 10**] is hereby **REVOKED**.

The Defendant is **ORDERED** remanded to the custody of the United States Marshal to await her sentencing, which is presently scheduled for **March 27, 2020**. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge